**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA ERNESTINA ELIAS VIUDA DE MIRANDA; ASAEL BALMORE MIRANDA; GENESIS SOFIA MIRANDA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   21-1195 <br><br> Agency Nos.  A208-181-665 <br> A208-181-666 <br> A208-181-667 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2023
Pasadena, California

Before:    TASHIMA, CHRISTEN, and MILLER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner Maria Ernestina Elias Viuda de Miranda, on behalf of herself and her two minor children,[1] all natives and citizens of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA or Board). The Board dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who denied her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] We have jurisdiction under 8 U.S.C. § 1252. We review "the agency's factual findings . . . for substantial evidence." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We deny the petition.

**1.** The BIA applied the correct legal standard in its nexus analysis for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017) (explaining that, to qualify for asylum, an applicant must show that a protected ground is "one central reason" for the persecution, but that for withholding of removal, an applicant must show only that the protected ground is "a reason," which is "a less demanding standard than 'one central reason'"). Although the IJ found that Petitioner's membership in the proposed social group "was not the central reason or even a central reason for the harm," the BIA

---

[1] Petitioner's children's claims are derivative of hers. For ease of reference, we will refer to the claims as Petitioner's alone.

[2] Petitioner does not challenge the denial of CAT relief and we do not address it.

2

concluded that it was not "a 'central reason,' or even 'a reason,' for the harm she experienced or the harm she fears." Thus, the Board applied the correct standard.

Petitioner argues that because the IJ misstated the nexus standard, the BIA must have engaged in improper factfinding when it concluded that Petitioner had not satisfied the "a reason" standard. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A) ("The Board will not engage in factfinding in the course of deciding cases."). This argument fails because the Board permissibly relied on the IJ's factual finding that "it was general gang recruitment," to conclude that Petitioner suffered harm based on "criminal acts and violence," which "is insufficient to support an asylum or withholding of removal claim." *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021) (stating that fear of "general crime and violence" alone typically "is not a basis on which relief will be granted"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). This determination is supported by substantial evidence. Petitioner's argument that she was threatened "because she is a widow with minor children," and not simply because of generalized violence, is unsupported by the record. None of the evidence she cites – her friend who moved away, her father-

3

in-law's warning to move, and the country report – addresses the gang's treatment of widows.

**2.** Petitioner argues that the IJ did not determine whether her proposed social group of widows with young male children was cognizable, and that the Board erroneously made the initial finding of fact that her proposed social group is not cognizable because it lacks social distinction and particularity. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A) ("The Board will not engage in factfinding in the course of deciding cases.").

Assuming without deciding that the Board erred, Petitioner cannot show prejudice from the alleged violation of the regulation because she has failed to "establish a nexus between the feared harm and h[er] alleged membership in the proposed group." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021). Substantial evidence, including Petitioner's asylum application, supports the agency's finding that the gang became interested in Petitioner's son because of his age, not because Petitioner is a widow. Petitioner accordingly cannot show prejudice from the alleged violation of the regulation.

**3.** The agency did not violate Petitioner's due process rights by failing to address her claim of a well-founded fear of future persecution. Both the IJ and the BIA addressed her claim, the IJ finding that the threat delivered to her father-in-

4

law was insufficient to establish either past persecution or a well-founded fear of future persecution, and the Board agreeing with the IJ that her fear was based on general crime and violence. Petitioner's due process claim fails because she received "a full and fair hearing" and cannot "show error and substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (first quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000); and then quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)).

·  ●  ·

The petition for review is **DENIED.**[3]

---

[3]      The motions to stay removal [Dkt. 5 & 10] are denied.